IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **DESTINO ENERGY LLC AND DESTINO OCCIDENTAL** § § § § § § § § § § § § § § § | NO. 4:21-cv-02364 |
| v. | |
| **LRH ENERGY CAPITAL LLC; LRG ENERGY N&F HOLDINGS LLC; LRH ENERGY NFB FUNDS HOLDOC LLC; LRH ENERGY Z FUND 1 LP; LRH LOAN 2 LLC; LRG SIEGEL SPV 1 LLC; JANETTE CONRADSON; HEID KUZMA; AND RICHARD KAUFMAN** | |

## MEMORANDUM AND RECOMMENDATION

Pending and referred to the Magistrate Judge is Plaintiff's Motion for Remand (Document No. 12).  Having considered the motion, the response in opposition, the additional briefing, the claims and allegations as against the diverse and non-diverse defendants, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Plaintiff's Motion for Remand (Document No. 12) be GRANTED.

I.      **INTRODUCTION**

This case is based on allegations that Plaintiffs were induced with misrepresentations made by several Defendants to invest in the funding of a "Wilmington" property for oil and gas development.  Plaintiffs, Destino Energy LLC and Destino Occidental LLC ("Destino"), allege in the state court pleading they filed in the 215th District Court of Harris County Texas that Defendants made representations that substantial funding of the acquisition had already been

obtained, when that representation was not true. Destino asserts causes of action for fraud and breach of contract. Named as defendants in that pleading were: LRH Energy Capital LLC, LRH Energy N&F Holdings LLC, LRH Energy NFB Funds Holdco LLC, LRH Energy Z Fund 1 LP, LRH Loan 2 LLC, LRG Siegel SPV 1 LLC, LRH Energy Hybrid Risk Fund 1 LP, Janette Conradson, Heidi Kuzma, and Richard Kaufman. Three of those named Defendants, LHR Energy N&F Holdings, LLC, LRH Energy NFB Funds Holdco LLC, and Richard Kaufman are, like Destino, Texas residents. Despite that, Defendants removed the case to this Court on July 21, 2021, alleging that the Texas-based Defendants (NFB Holdco, N&F Holdings, and Kaufman ) were fraudulently joined. Destino has filed a Motion to Remand, arguing that the Texas-based Defendants were not fraudulently joined and that it has stated plausible claims against them such that the claims must, given the absence of diversity jurisdiction, proceed in state court.

## II. APPLICABLE LAW

Under 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between – (a) citizens of different states." Cases filed in state court over which the district courts of the United States have "original jurisdiction may be removed by the defendant or defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). When a case is removed from state court, it is the removing party's burden to show "that federal jurisdiction exists and that removal was proper." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). In a removal based on diversity jurisdiction, it can do this by "'distinctly and affirmatively alleg[ing]' the

citizenship of the parties." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001). It can also do this by showing that a non-diverse defendant has been fraudulently joined, which allows the Court to disregard the citizenship, for diversity jurisdiction purposes, of any defendant fraudulently joined. *Murray v. Allstate Vehicle & Prop. Ins. Co.*, No. CV H-18-3411, 2018 WL 5634949, at *2 (S.D. Tex. Oct. 30, 2018). "Fraudulent joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). When the fraudulent joinder is based on the inability to establish a cause of action against the non-diverse defendant, "the defendant must demonstrate 'that there is no possibility of recovery' against the in-state or nondiverse defendant." Stated differently, the defendant must make a showing "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* (citing *Smallwood,* 385 F.3d at 573). "To determine if there was improper joinder, the district court may conduct a Rule 12(b)(6)-type analysis, 'looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder.'" *Ticer v. Imperium Ins. Co.*, 20 F.4th 1040, 1046 (5th Cir. 2021) (quoting *Smallwood*, 385 F.3d at 573).

### III.   DISCUSSION

Here, Defendants' removal of this case from state court was based on its assertion that the Texas-based Defendants were fraudulently joined insofar as Destino has not, and cannot, state a

plausible claim against them. No allegation or argument has been made that Destino fraudulently alleged any jurisdictional facts, and it is undisputed that Destino is a Texas resident, as are Defendants LRH Energy N&F Holdings LLC, LRH Energy NFB Holdco, LLC, and Richard Kaufman. Instead, Defendants asserted in their Notice of Removal that those three Texas-based Defendants were fraudulently or improperly joined because the facts alleged in the state court pleading are not sufficient to state a plausible claim of fraud against them.

A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557)).

Here, Destino argues in its Motion to Remand that it has stated a plausible, and sufficiently particularized claim of fraud against one of the Texas-based Defendants, Richard Kaufman. Destino points to the allegations in its state court pleading that Defendant Kaufman, a Texas resident, made misrepresentations to it about the funding for the acquisition that had already been obtained by Defendant LRH Energy Capital LLC, and that such allegations vis-à-vis Kaufman, who Destino alleges was a managing director of LRH Energy Capital LLC, state a plausible claim of fraud against him. Defendants respond that neither Kaufman, nor the other two Texas-based Defendants, were parties to the contract upon which Destino sues in this case, and that a fraudulent

4

inducement claim cannot be maintained against them. In addition, Defendants maintain that the fraud claims have not been alleged by Destino with the particularity required by Fed. R. Civ. P. 9(b).

In Texas, "[t]o prevail on a fraud claim, a plaintiff must show: (1) the defendant 'made a material representation that was false'; (2) the defendant 'knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth;' (3) the defendant intended to induce the plaintiff to act upon the representation; and (4) the plaintiff actually and justifiably relied upon the representation and suffered injury as a result." *JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653 (Tex. 2018) (quoting *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)). A claim of fraudulent inducement, which also seems to be at issue herein, occurs when there is existence of an enforceable contract, *Bohnshack v. Varco, L.P.,* 668 F.3d 262, 277 (5th Cir. 2012), and requires proof and allegations of "a material misrepresentation, (2) made with knowledge of its falsity or asserted without knowledge of its truth, (3) made with the intention that it should be acted on by the other party, (4) which the other party relied on and (5) which caused injury." *Anderson v. Durant*, 550 S.W.3d 605, 614 (Tex. 2018). There is no requirement under Texas law, and Defendants have not pointed to any authority that would suggest, that the misrepresentation upon which a fraud or a fraudulent inducement claim is based must be made by a party to the contract which was alleged to have been induced by the misrepresentation. In other words, despite Defendants arguments that Kaufman's alleged misrepresentations are not actionable because he was not a party to the contract with Destino, Defendants have come forth with no Texas authority that specifically so holds. As for the one case Defendants do cite for the proposition that a fraudulent inducement claim cannot be

5

maintained against a non-party to a contract unless that non-party was acting as an agent for a contracting party, *William Marsh Rice Univ. v. Arrowhead Rsch. Corp.,* No. CV 14-03496, 2016 WL 3223313, at *8 (S.D. Tex. Mar. 8, 2016), Defendants have not addressed Destino's allegations, or the evidence Destino attached to its state court pleading (Document No. 1-2 at pp.18-52), that Kaufman was acting as the Managing Director of LRH Energy Capital LLC in his dealings with Destino. Because Defendants have come forth with no clear Texas authority that establishes that Destino's claims against Kaufman, a Texas resident, are implausible as a matter of law, it cannot be said that Kaufman was fraudulently (or improperly) joined.

As for the Rule 9(b) particularity argument, Destino's allegations in its state court pleading are reasonably particularized. Destino alleged that Defendant Kaufman was involved in the negotiation of the contract at issue, and was involved in, and present during, meetings involving the transaction, that Kaufman personally represented that Defendant LRH had secured substantial additional funding for the acquisition, that the representation was not true, and that Destino relied on the representation when it provided $320,000.00 in funding to LRH Energy Capital LLC. While Defendants complain that there are no allegations that would satisfy Rule 9(b) as to when Kaufman made the alleged misrepresentations, Destino included with his state court petition presentation materials that included the representations about the additional funding, and alleged in the state court pleading that Kaufman was a party to (or privy to) meetings during which the representations about the funding were made. The allegations in the state court pleading, coupled with the attachments to that pleading, reasonably and sufficiently meet Rule 9(b)'s particularity requirement vis-à-vis the fraud claim against Defendant Kaufman.

As Destino has alleged facts that would meet the elements of a required elements of a fraud and/or fraudulent inducement claim against Kaufman under Texas law, and as there is no authority that would render Destino's claim against Kaufman implausible as a matter of law, it cannot be said that Defendant Kaufman was fraudulently joined. As such, his citizenship cannot be disregarded, and the Court does not, with Texas residents as both Plaintiffs and Defendants, have diversity jurisdiction over this case. Destino's Motion to Remand should therefore be GRANTED.

## IV.     CONCLUSION AND RECOMMENDATION

Based on the foregoing and the conclusion that there is not complete diversity and the Texas-based Defendants were not fraudulently joined, the Magistrate Judge RECOMMENDS that Plaintiff's Motion for Remand (Document No. 12) be GRANTED, and that this case be REMANDED to the 215th Judicial District Court of Harris County, Texas, from where it was removed.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to *28 U.S.C. § 636(b)(1)(C)*, Fed. R. Civ. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), cert. denied, 461 U.S. 930, 103 S. Ct. 2092, 77 L. Ed. 2d 302 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen-day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*,

79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this  27th  day of January, 2022.

*Frances H. Stacy*

_____
FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE